UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HOLLY RALEY,<br>Plaintiff | CIVIL ACTION NO. 1:21-CV-04335 |
| VERSUS | JUDGE DRELL |
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>CO.,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court are a Motion to Remand (ECF No. 6) and Motion for Attorney's Fees (ECF No. 6) filed by Plaintiff Holly Raley ("Raley"). Raley alleges the amount in controversy does not exceed $75,000. ECF No. 6 at 3. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") opposes. ECF No. 8.

Because the Court lacks diversity jurisdiction, Raley's Motion to Remand (ECF No. 6) should be GRANTED.

### I. Background

On November 16, 2021, Raley filed a Petition for Damages ("Petition") in the Tenth Judicial District Court, Natchitoches, Louisiana. ECF No. 1-3 at 4-9. Raley names Sate Farm as the sole defendant. *Id.*

On February 26, 2021, Raley was involved in an automobile accident wherein she was struck by a vehicle driven by minor child Shay Church ("Church"), who

merged into her lane of travel. ECF No. 1-3 at 4. State Farm issued a policy of liability coverage in the amount of $50,000 on behalf of Church and her father. *Id.* at 5. Raley brought this action soley for penalties and attorney's fees against State Farm for failure to timely tender the policy limits.

Raley demanded the policy limits. *Id.* Raley also made a supplemental demand on State Farm's Claims Specialist, Carliss Harris ("Harris"), due to her continued medical treatment, the nature of her injuries, and the amount of her medical specials. *Id.* Raley alleges that on June 20, 2021, Harris agreed to tender the policy limits. But the letter did not include any condition that a receipt and release first be executed before perfecting settlement. *Id.*

On June 22, 2021, Raley's attorney accepted the offer, but requested information to make a uninsured/underinsured ("UM"/"UIM") claim against her own insurer. *Id.* at 6. Raley asked for a copy of the declarations page and an affidavit of no other insurance within 30 days, and advised that any release would include a reservation of rights against the UM/UIM carrier. *Id.*

On July 18, 2021, State Farm replied that "[w]e agreed to settle your client's claim for $50,000.00. Once we have received the signed Release, payment will be forwarded to you." *Id.* On July 19, 2021, Raley's attorney advised they would execute a receipt and release upon receipt of payment, not before. *Id.* On July 19, 2021, Raley's attorney informed State Farm it would be in bad faith if the policy limits were not delivered within 30 days from June 22, 2021. *Id.* at 6-7.

On July 29, 2021, Raley's counsel delivered a partially executed Receipt and Release via email with the conditions that the policy limits be delivered by August 6; that the settlement would be revoked if not; and reserving bad faith claims for failing to timely pay the policy limits. *Id.* at 7. Raley alleges she did not receive the $50,000 check by August 6, or within 30 days of June 22. *Id.* She did ultimately receive the $50,000 tender, and cashed it with a release and reservation of their bad faith claims against State Farm. *Id.*

Raley now asserts a bad faith claim for State Farm for failure to timely tender policy limits and timely deliver the settlement check. *Id.* at 8. Raley seeks damages under La. R.S. 22:1892, 22:1973, or both, including "treble"[1] damages or 50% over and above what's due under 22:1892(B)(1), whichever is greater. *Id.* Raley also seeks attorney's fees, costs, expert fees, and legal interest from the date of judicial demand. *Id.* Raley's Petition includes an allegation, pursuant to La. Code Civ. P. 893(A)(1), that "[t]he damages sought do not exceed the amount required for trial by jury," which at the time was $50,000. *Id.*[2]

---

[1] Raley refers to the potential bad faith penalties under the statutes as "treble" damages. However, "treble" damages are punitive damages provided for by statute to award up to three times a plaintiff's actual damages. None of the relevant statutes provide for "treble" damages. The Court assumes Raley was mistaken and is referring to the statutory penalties provided for by statute.

[2] "As of January 1, 2021, the jury trial threshold in Louisiana state courts is $10,000." *Myers v. Walmart Inc.*, 2:21-CV-02618, 2022 WL 2682109, at *1, n.1 (W.D. La. June 10, 2022), *report and recommendation adopted*, 2:21-CV-02618, 2022 WL 2679603 (W.D. La. July 11, 2022) (citing La. Code Civ. Proc. art. 1732. 2020 La. Sess. Law Serv. 1st Ex. Sess. Act 37 (H.B. 57)).

State Farm removed, asserting diversity jurisdiction. ECF No. 1-2. State Farm alleges Raley is a citizen and resident of Red River Parish, Louisiana. ECF No. 1-2 at 2. State Farm is a foreign insurer, organized under the laws of the State of Illinois, with its principal place of business in Illinois. *Id.* State Farm alleges the parties are completely diverse. *Id.* State Farm further alleges "the amount in controversy is greater than $75,000, based on the claims presented" by Raley. *Id.*

Raley now seeks remand for lack of diversity jurisdiction. ECF No. 6. Raley asserts removal was improper as State Farm failed to establish the amount in controversy exceeds the jurisdictional threshold. *Id.* at 2. Raley also seeks attorney's fees. ECF No. 6-1 at 6-7. State Farm opposes. ECF No. 8.

## II. Law and Analysis

### A. Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" when the amount in controversy exceeds $75,000, exclusive of interest and costs, and when complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "Any ambiguities are construed against removal and in favor of remand to state court." *Id.*

As the parties do not dispute that there is complete diversity,[3] the remaining question is whether the jurisdictional amount in controversy is satisfied.

Louisiana law forbids plaintiffs from specifying the monetary value of damages. *See* La. Code Civ. P. art. 893. Accordingly, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995) (where a petition does not include a specific monetary demand, the removing defendant "must produce evidence . . . that the actual amount in controversy exceeds" $75,000.). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

However, "[t]he required 'demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the

---

[3] Raley is a citizen of Louisiana and State Farm is a citizen of Illinois. ECF No. 1-2 at 2.

plaintiff is likely to win or be awarded everything he seeks.'" *Id.* (quoting *Berniard v. Down Chem. Co.*, 481 Fed.Appx. 859, 862 (5th Cir. 2010)). Moreover, if the removing defendant carries its burden, remand is still warranted if the plaintiff can establish to a "legal certainty" that damages do not exceed $75,000. *See De Aquilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). One such way for a plaintiff to satisfy the "legal certainty" test is to file a binding stipulation or affidavit with the original complaint. *Id.* at 1412.

### B. State Farm fails to establish that the amount in controversy is satisfied.

State Farm did not submit any documents in support of its position that the amount in controversy is satisfied. Thus, State Farm only argues that the amount in controversy is "facially apparent." ECF No. 8 at 4-5.

However, Raley's Petition contains no specific allegations indicating that the amount in controversy exceeds $75,000. ECF No. 1-2 at 5-12. To the contrary, Raley alleged that "[t]he damages sought do not exceed the amount required for trial by jury," which at the time was $50,000. ECF No. 1-3 at 8. But the Petition is silent as to an Article 893 allegation concerning the "lack of jurisdiction of federal courts due to insufficiency of damages." *See* La. Civ. Code art. 893(A)(1). State Farm argues that, given the omission, the Petition is vague and should be construed as demanding up to $50,000 in damages and $100,000 in penalties under La. R.S. 22:1973, plus attorney fees. ECF No. 8 at 3. A plaintiff's failure to include an article 893 allegation, alone, is insufficient to establish the amount in controversy, but may be considered.

6

State Farm further argues that the Petition asserts Raley's claims are "less than 50,000 exclusive of attorney fees and costs." ECF No. 8 at 5. State Farm concedes that if Raley "is stipulating her total claim, including damages, treble damages, and attorney fees does not exceed $50,000, then remand is appropriate." *Id.* But State Farm contends that if Raley's "damages" do not exceed $50,000, then Raley's claims for "treble damages" under § 1973 could be up to $150,000, plus attorney fees. *Id.*

It is undisputed that, prior to filing suit, State Farm tendered – and Raley received and deposited – the $50,000 State Farm policy limits. ECF Nos. 1-2 at 2, 1-3 at 7, 8 at 2, 9 at 2. State Farm disputes Raley's contention that payment of the settlement was owed within 30 days of June 22, 2021, arguing that Raley's response on that date was a counteroffer and did not perfect settlement. ECF No. 8 at 2. State Farm cites no caselaw concerning the perfection of settlement or calculation of bad faith penalties.

Raley signed a release reserving bad faith claims against State Farm. ECF No. 1-3 at 7. Raley's claims include penalties, attorney fees, and costs. ECF No. 1-3 at 9. Raley seeks penalties under La. R.S. 22:1892 and under La. R.S. 22:1973 for State Farm's alleged failure to pay settlement within 30 days. ECF No. 1-3 at 8.

Section 1973 requires that insurers adhere to a standard of good faith and fair dealing. La. R.S. 22:1973. An insurer breaches its duty of good faith if it misrepresents pertinent facts, fails to pay a settlement within 30 days, denies coverage without notice or consent, misleads a claimant as to the prescriptive

7

period, fails to pay a claim within 60 days of satisfactory proof of loss arbitrarily or capriciously, or fails to pay under § 1893 arbitrarily or capriciously. *Id.* Under § 1973, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. However, a plaintiff must show proof of actual damages arising from the insurer's breach of the imposed duty to recover any more than $5,000. *Project Build a Future LLC v. Great Lakes Ins. S E*, 2:21-CV-03612, 2021 WL 6127427, at *2 (W.D. La. Dec. 28, 2021) (citing *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170-71 (La. 2011)); *see also Hannover Corp. of America v. State Farm Mutual Auto Ins. Co.*, 67 F.3d 70, 76 (5th Cir. 1995).

Section 1892 requires that an insurer "shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant." La. R.S. 22:1892(A)(2). Failure to make such payment within 30 days after written agreement or settlement, when that failure is arbitrary, capricious, or without probable cause, subjects the insurer to a penalty, in addition to the amount of the loss, of 50% of the amount due under the policy or $1,000, whichever is greater. La. R.S. 22:1892(B)(1)(a). Where partial payment or tender has been made, the penalty is 50% of the difference between the amount paid or tendered and the amount found to be due, as well as reasonable attorney fees and costs. *Id.*

8

A plaintiff can only recover penalties under one of these statutes but may recover attorney's fees under § 1892 even if he receives the penalties under § 1973. *Kodrin v. State Farm Fire & Cas. Co.*, F.App'x 671, 678–79 (5th Cir. 2009); *see also Cologero v. Safeway Ins. Co.*, 753 So. 2d 170, 174 (La. 2000). If the state statute at issue provides for the potential award of attorney's fees, such fees are included as part of the amount in controversy. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

Raley's Petition alleges facts that, if proven, would give rise to a claim for attorney's fees under La. R.S. 22:1892. Thus, attorney's fees must be considered part of the amount in controversy.

Here, the amount of the policy limits was tendered and deposited prior to Raley filing suit. Thus, the policy limits are not in dispute and those funds are not alleged as part of Raley's claim for damages. Nor were the policy limits necessarily the "actual damages" sustained. *See* La. R.S. 22:1973(C). Even absent any proof of damages, Raley could potentially recover $5,000 in penalties. *Id.*; *see also Hannover*, 67 F.3d at 76 ("[I]f no damages are proven[,] the claimant can still be awarded the maximum $5,000 penalty." (citing cases)). But beyond that State Farm did not establish that Raley could recover more statutory penalties.

Conversely, if Raley were to recover under La. R.S. 22:1892, at most, the potential amount in controversy is 50% of the amount "due" or $25,000, and

9

reasonable attorney's fees under La. R.S. 22:1892.[4]  It would be conjecture to find Raley stands to recover $50,000 or more in fees.

In sum, State Farm has not established that the Court's jurisdictional threshold was satisfied at the time of removal.

### C.  Attorney's Fees

A remand order may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal.  28 U.S.C. § 1447(c).  But an award of attorney's fees on a motion to remand is not automatic.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  Such an award is appropriate only where the removing party lacked an objectively reasonable basis for seeking removal.  *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004).

Given the circumstances, State Farm's removal was not objectively unreasonable.  Raley's request for attorney's fees and costs (ECF No. 6) should thus be denied.

### III.  Conclusion

Because the Court lacks diversity jurisdiction;

IT IS RECOMMENDED that Raley's Motion to Remand (ECF No. 6) be GRANTED, and this case be REMANDED to the Tenth Judicial District, Natchitoches Parish, Louisiana.

---

[4] Again, the $50,000 policy limit was tendered and deposited prior to suit.  As such, the $50,000 policy itself is not in dispute and will not be included in the amount in controversy.

IT IS FURTHER RECOMMENDED that Raley's Motion for Attorney's Fees (ECF No. 6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 14th day of September 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE